1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT

8        EASTERN DISTRICT OF WASHINGTON

9  MICHAEL R. SHACKELFORD,

10       Plaintiff,                          NO. 2:13-CV-0226-JLQ

11  v.                                       **MEMORANDUM OPINION and ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

12  CAROLYN W. COLVIN,
    Commissioner of Social Security,

13       Defendant.

14

15

16        Plaintiff appeals from the final decision of the Commissioner of the Social

17  Security Administration ("Commissioner") which denied his application for

18  Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") after

19  a hearing before an Administrative Law Judge ("ALJ"). This case, filed on June 12,

20  2013, was reassigned to the undersigned on April 2, 2014. (ECF No. 23).

21        Before the court are Cross-Motions for Summary Judgment and Plaintiff's

22  Reply. (ECF Nos. 20, 21, 22). Plaintiff is represented by attorney Joseph Linehan.

23  Defendant is represented by Assistant United States Attorney Pamela DeRusha and

24  Special Assistant United States Attorney Diana Andsager. Jurisdiction to review the

25  Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

26        This court's role on review of the decision of the Administrative Law Judge is

27  limited. The court reviews that decision to determine if it was supported by substantial

28  evidence and contains a correct application of the law. *Valentine v. Comm'r. Soc. Sec.*

ORDER – 1

*Admin*, 574 F. 3d 685,690 (9th Cir. 2009).  This court is obligated to affirm the ALJ's findings if they are supported by substantial evidence and the reasonable inferences to be drawn therefrom.  *Molina v. Astrue*, 674 F. 3d 1104, 1110-11 (9th Cir. 2012).  Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion.

## I.  PROCEDURAL HISTORY

On March 15, 2010 Plaintiff filed his applications for SSI and DIB alleging disability beginning January 1, 1989. (Tr. 174-179). Plaintiff's applications were denied initially and on reconsideration. He requested a hearing before an ALJ. Two hearings were held before ALJ James W. Sherry.  (Tr. 31-101). On July 22, 2011, Plaintiff appeared without counsel. ALJ Sherry continued the hearing due to the undeveloped record.  On May 4, 2012, Plaintiff appeared with counsel, Allan Bonney. Testifying at the May 4, 2012 hearing were the Plaintiff; Sharon Welter, a vocational expert; and medical experts Arthur Lorber, M.D. and Joseph Cools, M.D. (psychologist). On June 5, 2012, the ALJ issued an order finding Plaintiff not disabled since January 1, 2009, the amended alleged date of disability.  (Tr. 8-23).

Plaintiff requested review of the ALJ's decision.  The Appeals Council denied his request for review on April 16, 2013 (Tr. 1-4), making the ALJ's ruling the "final decision" of the Commissioner as the term is defined by 42 U.S.C. § 405(g).  Plaintiff filed this action on June 13, 2013 seeking judicial review of the Commissioner's final decision.

## II. SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a claimant shall be determined to be under a disability only if the  impairments are of such severity that

the claimant is not only unable to do his previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987):

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is, benefits are denied. If he is not, the decision maker proceeds to Step 2.

Step 2: Does the claimant have a medically severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to Step 4.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the inquiry proceeds to the Fifth and final Step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the Plaintiff to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### III. STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the [Commissioner] applied the proper legal standards." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989). This court may set aside a denial of benefits only if the basis for denial is not supported by substantial evidence or if it is based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is the role of the trier of fact, the ALJ, not this court, to resolve conflicts in the evidence. *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Thomas*, 278 F.3d at 954 (9th Cir. 2002).

# IV. FACTUAL BACKGROUND

The facts are contained in the medical records, administrative transcript (ECF No. 14)("Tr."), and the ALJ's decision, and are only briefly summarized here.  Plaintiff was born in 1984 and was 27 years old at the time of the ALJ's hearing. He attended school through the 10th grade and obtained a GED certificate in 2003. (Tr. 61). At the time of the hearing, he was living with his girlfriend, their infant child, and his girlfriend's four-year old son.   Plaintiff has a limited work history with jobs which were part time and of short duration (between 3 and 6 months), primarily in the food service industry. (Tr. 180-185; 393-394).  He last worked in 2009, when he began a 90-day job training program with the Springfield (Illinois) Urban League to develop basic construction skills.  He testified he quit because he "couldn't keep up," the work "easily wore [him] out," and he "didn't really like doing it." (Tr. 69-70). Plaintiff has had bowel problems since childhood and takes mineral oil to maintain regular bowel movements. In January 2010, Plaintiff was a passenger in a motor vehicle accident where he was injured and his friend was killed.  Plaintiff was treated for trauma to his right ear and back and neck pain. Plaintiff does not drive.  He alleged in his Disability Report that his bowel disorder, hearing loss, and neck and back problems limited his ability to work.  (Tr. 214).  He obtained medical insurance a few months prior to the hearing before the ALJ.

The Plaintiff's treatment record from the period under consideration includes a record of prescription for Celexa and Naproxen from Rogello Cantu, PA-C with the CHAS clinic, post-accident treatment notes from his chiropractor, Kyle West, D.C. at Revalesco Chiropractic & Wellness; and records from his counselor Carmen Fowler, CDPT at Spokane Addiction Recovery Centers ("SPARC").   Consultative physical evaluations were conducted on May 25, 2010 by Robert. J. Rose, M.D.  (Tr. 317-321) and on June 10, 2010 and January 12, 2012 by William M. Shanks, MD (Tr. 374-379; Tr. 414-419).  Consultative psychological evaluations were conducted on May 3, 2010 by Leroy O. Miller, MS (Tr. 361-370); on September 10, 2010 by W. Scott Mabee,

Ph.D. (Tr. 330-344; Tr. 381-391); on September 27, 2011 by James E. Bailey, Ph.D. (Tr. 393-400); and on April 6, 2012 by John Arnold, Ph.D (Tr. 420-428).

## V. COMMISSIONER'S FINDINGS

The ALJ found at **Step 1** that Plaintiff met the insured status requirements through March 31, 2011 and had not engaged in substantial gainful activity since January 1, 2009, the amended alleged onset date. (Tr. 13).

At **Step 2**, the ALJ determined that Plaintiff had the following severe impairments: lumbar degenerative arthrosis with muscle spasm; straightening of the lordotic curve; bilateral pes planus; history of bowels symptoms; depression with anxiety disorder NOS; personality disorder with anti-social traits; adjustment disorder; borderline intellectual functioning; cannabis abuse; and alcohol abuse in sustained, full remission. (Tr. 13).

At **Step 3**, the ALJ determined that the Plaintiff's impairments, alone or in combination, did not meet or medically equal one of the listed impairments in 20 CFR Pt. 404 Subpt. P App 1 (Listings).

At **Step 4**, the ALJ determined the Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 416.967(c) and 404.1567(c) with certain exertional and non-exertional limitations.

> The claimant can occasionally stoop and crouch; he should avoid concentrated exposure to excessive vibration; he is capable of simple, routine, and repetitive tasks, and some well-learned semi-skilled tasks; he can occasionally make simple work-related decisions; he can tolerate occasional, simple changes in a work setting; he should not be required to work at a production-rate pace; he can tolerate occasional, superficial contact with the general public but would work best away from it; and he can tolerate superficial contact with co-workers and supervisors.

(Tr. 17). In the Step 4 findings, the ALJ discussed the medical evidence and Plaintiff's testimony, but found the claimant's statements concerning the intensity, persistence and limited effects of these systems not credible. (Tr. 18). The ALJ determined Plaintiff was unable to perform his past relevant work as a fast food worker due to its production-rate pace requirement. (Tr. 21).

At **Step 5**, the ALJ found transferability of job skills not an issue because

Plaintiff's past relevant work is unskilled.  (Tr. 21).  The ALJ also considered that Plaintiff is a "younger individual" as defined by 20 C.F.R. 416.963 and has a limited education.  *Id*. Relying upon the testimony of the vocational expert the ALJ concluded that there are unskilled jobs that exist in significant numbers in the national economy that the claimant can perform, including representative occupations such as Farm Worker Fruit II (DOT 403.687-010); Fish Cleaner (525.684-030) and Laundry Worker II (361, 685-018).(Tr. 22).  Accordingly, the ALJ concluded that Plaintiff was not disabled, as defined by the Social Security Act, from January 1, 2009 to June 5, 2012.

## VI. ISSUES

Plaintiff contends the ALJ's decision was not supported by substantial evidence and that Plaintiff is "much more limited from a psychological standpoint."  Plaintiff's sets forth two related issues for review:  1) Whether the ALJ improperly rejected the opinions of examining psychologists John Arnold, PhD and W. Scott Mabee, Ph.D., and counselor Leroy Miller, MS; and 2) Whether the ALJ's residual functional capacity finding is supported by substantial evidence.

Plaintiff's counsel should adopt the practice of specifically listing the factual and legal issues in the opening brief to this court.  Otherwise, the court may consider the argument abandoned.  *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir.1986)(the court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." ).

Plaintiff asks the court to reverse the ALJ and remand for the award of benefits. (ECF No. 20 at 14).  The Commissioner contends the ALJ's decision is supported by substantial evidence and free of legal error.

## VII. DISCUSSION

### A.    Medical Source Evidence

Plaintiff argues the ALJ erred in rejecting the opinions of several examining state agency psychologists who opined that Plaintiff had limitations in multiple areas of work related functioning.  In weighing medical source opinions in Social Security

cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). Generally, more weight is given to the opinion of a treating physician than to the opinions of non-treating physicians. *Id.* Where a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons, and where it is contradicted, it may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record. *Id*. Factors that an ALJ may consider when evaluating any medical opinion include "the amount of relevant evidence that supports the opinion and the quality of the explanation provided; the consistency of the medical opinion with the record as a whole; [and] the specialty of the physician providing the opinion." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A nonexamining medical expert's opinion may constitute substantial evidence when it is consistent with other independent evidence. *Morgan v. Apfel*, 169 F.3d 595, 599–600 (9th Cir.1999) ("Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it.")**.**

**1. W. Scott Mabee, Ph. D.**

Plaintiff contends the ALJ "did not properly consider nor reject" the psychological opinion evidence of examining psychologist W. Scott Mabee, Ph.D. Dr. Mabee examined Plaintiff and completed a Washington State DSHS Psychological/Psychiatric Evaluation in September 2010 as a part of benefits review in that state. (Tr. 330-344, 381-392). He diagnosed cannabis abuse, alcohol abuse (full remission), post traumatic stress disorder, antisocial personality disorder, and borderline intellectual functioning. (Tr. 83). Dr. Mabee checked boxes indicating plaintiff has five moderate and two marked limitations in cognitive and social functioning. Dr. Mabee also opined, "Mr. Shackelford is capable of understanding and

carrying out simple instructions.  He can only concentrate for short periods of time. He can work without close supervision and not disrupt others.  He would work best in positions that have minimal interaction with others. He can adapt to small changes in a work setting.  He can use the bus for transportation." (Tr. 384).

The ALJ specifically considered Dr. Mabee's assessment (Tr. 15, 16, 20) and accorded it some weight to the extent it was consistent with the RFC. However, the ALJ rejected his two "marked" severity ratings because they were inconsistent with the "the medical evidence as a whole," and "overall evidence," specifically the assessments of Dr. Bailey and Dr. Cools, which supported the ALJ's conclusion that Plaintiff was only moderately limited in his social functioning and in his concentration, persistence or pace. (Tr. 15-16).   The ALJ gave specific and legitimate reasons for rejecting the marked limitations of Dr. Mabee.  Plaintiff's argument ignores those reasons and instead focuses  upon the alleged error made by the ALJ in according "little weight" to Dr. Mabee for an alternative reason: because "he did not provide any diagnosis of the claimant's conditions or explain their effect on his functioning." (Tr. 20).  As Plaintiff notes, the ALJ's decision fails to acknowledge that Dr. Mabee's report at Tr. 330-344 was missing pages 3 and 5, stating his diagnoses, but those pages were submitted by counsel to the ALJ before his decision as part of a later exhibit. Additionally, error, if any,  was harmless because other specific and legitimate reasons support the ALJ's decision to reject or give reduced weight to Dr. Mabee's evaluation. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir.2012) ("[W]e may not reverse an ALJ's decision on account of an error that is harmless."); *see also Carmickle v. Comm'r Soc. Sec. Admin*., 533 F.3d 1155, 1162 (9th Cir.2008) ("[T]he relevant inquiry in this context is ... whether the ALJ's decision remains legally valid, despite such error."). The court also notes Dr. Mabee's diagnoses were referenced in Dr. Arnold's subsequent DSHS evaluation (Tr. 421) which was clearly considered by the ALJ.

**2. John Arnold, Ph. D.**

Plaintiff also contends the ALJ improperly rejected the psychological opinion

evidence of examining psychologist John Arnold, Ph.D.  Like Dr. Mabee, Dr. Arnold examined Plaintiff and completed a DSHS Psychological/Psychiatric Evaluation in April 2012 along with a Personality Assessment Inventory. (Tr 420-428).  On the form under the section for "residual capacity," Dr Arnold concluded Plaintiff "will be able to remember locations and simple work like tasks. He will be able to understand, remember and carry out simple verbal and written instructions.  He will be able to concentrate and attend for short to moderate periods. He will be able to ask simple questions, request assistance and accept instructions. [He] will be able to adhere to basic standards of neatness and cleanliness. He will be able to use the bus." (Tr. 421). As to the effect of his symptoms on his ability to work, Dr. Arnold concluded his "symptoms will negatively impact his social interactions, concentration and attention." (Tr. 421).  The ALJ assigned Dr. Arnold's opinion "some weight" "to the extent it is consistent" with the RFC, but he limited that deference in that he "assign[ed] greater weight" to the opinion of non-examining, non-treating, testifying psychologist Dr. Cools.  (Tr. 21).

Plaintiff summarizes Dr. Arnold's opinion, but does not analyze how the opinion was erroneously rejected or inconsistent with the ALJ's RFC.  "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir.1997).  Dr. Arnold's opinion largely supports the ALJ's RFC, thus the court concludes it was not error for the ALJ to adopt the arguably varying degree of limitation opined by Dr. Cools and Dr. Bailey.

## B.   Leroy Miller, MS,  LMHC, NCC

In his *Reply Brief*, Plaintiff also contends the ALJ did not properly consider nor reject the opinion of Leroy Miller, a licensed mental health counselor who like Dr. Mabee and Dr. Arnold, filled out a Washington State DSHS Psychological/Psychiatric Evaluation form in May 2010 as part of a state benefits review. (Tr. 361-370).  The

ALJ's opinion discusses Mr. Miller's evaluation, noting that he assessed Plaintiff with moderate social and cognitive limitations, but concluded that physical impairments "appear[ed] to override his other difficulties." (Tr. 20).

Unlike physicians and psychologists, mental health counselors and social workers are not "acceptable medical sources," 20 C.F.R. § 404.1513(a). They are "other sources" under 20 C.F.R. § 404.1513(d), which may be rejected for "germane reasons" as opposed to the higher "specific and legitimate" reasons applied to acceptable medical source opinions. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223–24 (9th Cir.2010). Plaintiff has ignored this distinction, citing the standard for rejecting an examining physician's opinion. Plaintiff's position is unaccompanied by any developed argumentation. Mr. Miller's opinion was considered by the ALJ and was not implicitly or explicitly rejected by the ALJ. Plaintiff has not demonstrated the ALJ erred, but rather argues for a re-weighing of the evidence. It is the role of the ALJ to assess credibility and weigh the evidence, "[w]here the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**B.    Residual Functional Capacity**

Plaintiff contends his mental residual functional capacity (RFC) is more limited than determined by the ALJ.   Specifically, Plaintiff claims the ALJ did not properly consider the limitations expressed by Dr. Mabee, Dr. Arnold and Mr. Miller. Plaintiff's argument regarding the RFC presumes these opinions were not properly discounted. The court concludes the ALJ did not error in its consideration of these opinions.  In determining Plaintiff's RFC the ALJ analyzed the available evidence to resolve conflicts and accorded greater weight to the consistent opinions of consulting examining psychologist Dr. James Bailey and the testifying (non-examining) psychological expert Joseph Cools, M.D. Plaintiff has not challenged the ALJ's evaluation of Dr. Bailey's and Dr. Cools' opinions.   The ALJ reached his conclusions on a sparse medical record, but did so after continuing the initial hearing 10 months to

permit physical and psychological consultative examinations of the Plaintiff. An ALJ is not obligated to resolve a sparse medical record in favor of a finding of disability. This court may not reweigh the evidence and substitute its own judgment for that of the ALJ.

## VIII. CONCLUSION

The ALJ's findings are supported by the record, free of legal error, and constitute a rational interpretation of the evidence.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment (ECF No. 20) is **DENIED**;

2. Defendant's Motion for Summary Judgment (ECF No. 21) is **GRANTED;**

The Clerk of Court is directed to file this Order, enter judgment dismissing the Complaint and the claims therein, provide copies to counsel, and **CLOSE THE FILE**.

DATED this 18th day of June, 2014.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE